**Gheorghe ANTON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–2709.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 11, 1995.

Decided March 23, 1995.

Y. Judd Azulay (argued), Stephen D. Berman, Azulay & Azulay, Chicago, IL, for petitioner.

Michael J. Shepard, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, IL, Donald E. Keener, Dept. of Justice, Office of Immigration Litigation, Washington, DC, Janet Reno, U.S. Atty. Gen., Office of the U.S. Atty. Gen., Washington, DC, Samuel Der–Yeghiayan, I.N.S., Chicago, IL, James B. Burns, Office of the U.S. Atty., Chicago, IL, William J. Howard, Jane Gomez (argued), U.S. Dept. of Justice, Civ. Div., Immigration Litigation, Washington, DC, David J. Kline, Dept. of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Before CUMMINGS and FLAUM, Circuit Judges, and PAINE, District Judge.*

PAINE, District Judge.

This is an appeal from a decision by the United States Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals, within this court's jurisdiction pursuant to 8 U.S.C. § 1105(a) and 28 U.S.C. § 2341. *Milosevic v. I.N.S.*, 18 F.3d 366 (7th Cir.1994). The Petitioner seeks review of a final order of deportation under the Immigration and Nationality Act, 8 U.S.C. § 1252.

### Facts

The Petitioner is a native and citizen of Romania who entered the United States without inspection on August 18, 1990. At a deportation hearing in 1990, he conceded deportability as charged, and requested asylum and withholding of deportation. The basis for Petitioner's request is that since his birth, he has been a member of the Pentecostal religion. He further relies upon the alleged fact that as a result of his religious affiliation, in Romania he was "harassed, questioned, and threatened with removal of property and job firing." He concedes, however, that while in Romania, he regularly attended church services. He further alleges that after he asked for asylum, his wife who is still in Romania, was questioned by police and was warned that if petitioner did not return

to Romania soon, they would see to it that he would never see his family again. He also chronicled difficulty contacting his wife in Romania by telephone and that his letters to her have been opened before delivery to her. While the Romanian police have not threatened to harm his wife, also a member of the Pentecostal faith, they have allegedly told her that if petitioner returns, he will be imprisoned.

The State Department's Division of Human Rights and Humanitarian Affairs reviewed petitioner's claim and stated to the Immigration Judge that the allegations contained in Petitioner's asylum application did not establish a well-founded fear of religious persecution. This conclusion was based in part upon the fact that the Romanian government no longer prohibits its citizens from the free practice of religion. Petitioner offered no evidence that contradicts this finding, because neither he nor any of his witnesses has any personal knowledge of the Romanian government's present-day policies, practices, or intolerance regarding the practice of religion. Further, while his brothers were admitted to this country as refugees back in the early 1980's, the Immigration Judge took administrative notice that the Communist regime, which opposed all religions, has since been replaced by a new government in Romania.

Finding that the Petitioner had greatly exaggerated the threats that his wife had received, the Immigration Judge held that the Petitioner did not establish a well-founded fear of religious persecution. Upon review, the Board also concluded that the Petitioner failed to establish either past persecution or a well-founded fear of persecution on account of his religion and that he failed to establish that he was eligible for withholding of deportation. The board found that the potential discrimination did not rise to the level of persecution and that Petitioner failed to establish that any threats which were communicated to him, were based on grounds other than religion.

---

* Hon. James C. Paine, of the Southern District of Florida, sitting by designation.

## Standard of Review

■ This court reviews the Board's determinations that an alien is ineligible for withholding of deportation and for asylum under the "substantial evidence" test. *Milosevic*, 18 F.3d at 370. Under this "highly deferential standard of review," the appellate court must uphold the Board's determination "if it is 'supported by reasonable, substantial, and probative evidence on the record as a whole,' 8 U.S.C. § 1105a(a)(4), and may reverse only if the evidence is so 'compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *Id.*, quoting *Sivaainkaran v. INS*, 972 F.2d 161, 163 (7th Cir.1992), quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

■ Therefore, a reviewing court is not entitled to reverse "simply because it is convinced that it would have decided the case differently." *Milosevic*, 18 F.3d at 371 (citations omitted). Rather, the Board's decision can be reversed "only if the evidence presented by [the petitioner] was such that a reasonable factfinder would *have* to conclude that the requisite fear of persecution existed." *Id.*

## Analysis

### Issue No. I: Asylum

■ The Attorney General has the discretion to grant asylum to "refugees." 8 U.S.C. § 1158(a). A refugee is defined by statute as one who is unable or unwilling to return to his or her country "because of [past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). *Milosevic*, 18 F.3d at 370.

■ Although "persecution" is not defined by the Act, this Court has described it as "punishment" or "the infliction of harm" for political, religious, or other reasons that are offensive. *Id.* (citations omitted).

■ To prove the well-founded fear of persecution, an alien must not only show that his fear is genuine, but that it is a *reasonable* fear. *Id.* (citations omitted). Further, although the Supreme Court has declined to define "well-founded fear," this Circuit has consistently held that in order to demonstrate a well-founded fear, a petitioner must present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution. *Id.* at 370 (citations omitted).

■ In sum, an applicant bears the burden of proving *both* that he is statutorily eligible for asylum by virtue of being a "refugee" who has suffered past-persecution or who possesses a well-founded fear of persecution, within the meaning of 8 U.S.C. §§ 1101(a)(42), 1158(a), *and* that the attorney general should exercise her discretion to grant asylum.

■ In the present case, the record is devoid of facts which would support a finding that the Petitioner has suffered religious persecution in Romania in the past. The discrimination he alleges simply does not rise to the requisite level of persecution. Further, this court cannot find, as it must in order to reverse the Board's finding under the very deferential standard of review, that the evidence presented by Anton was such that a reasonable factfinder would *have* to conclude that the requisite fear of persecution existed. Contrarily, the scant evidence offered by the Petitioner falls far short of establishing a well-founded fear of religious persecution. The petitioner has not established specific, detailed facts which would compel this court to reverse the Board's finding, which is supported by substantial evidence. Accordingly, the Board correctly held that the Petitioner failed to carry his burden of proof that he is statutorily eligible for a discretionary grant of asylum; the decision must be upheld.

### Issue No. II: Withholding of Deportation

For the petitioner to be entitled to withholding of deportation to a foreign country, the alien must establish that his "life or freedom *would be threatened* in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1) (emphasis added). This language in the statute has been interpreted by the Supreme Court as

requiring the petitioner requesting withholding of deportation "to establish by objective evidence that it is *more likely than not* that he will be subject to persecution upon deportation." *Milosevic*, 18 F.3d at 372, quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987).

This Circuit has recently held that it follows that an alien seeking withholding of deportation pursuant to 8 U.S.C. § 1253(h) bears a *heavier* burden of proof than does an asylum applicant proceeding under the "well-founded fear" standard of 8 U.S.C. § 1158(a). *Milosevic*, 18 F.3d at 372. The reasoning for this conclusion is because "[o]ne can certainly have a well-founded fear of an event happening when there is less than a 50% chance of the occurrence taking place." *Id.,* quoting *Cardoza–Fonseca*, 480 U.S. at 431, 107 S.Ct. at 1212.

The same substantial evidence that supports the Board's finding that Anton is ineligible for asylum is more than sufficient to support the Board's finding that he is ineligible for withholding of deportation. *See, Milosevic*, 18 F.3d at 372. Accordingly, the decision of the Board is

AFFIRMED.