114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Veniamin SNITKO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-3085.
 United States Court of Appeals, Seventh Circuit.
 Argued April 29, 1997.
Decided May 9, 1997.
 
 Before BAUER, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Veniamin Snitko, a citizen of Belarus and the former Soviet Union, entered the United States on December 11, 1991, on a temporary tourist visa which authorized him to remain in the United States until June 10, 1992. After an initial application for asylum was denied, Snitko filed a renewed application for asylum and withholding of deportation under § 208 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1158(a). The Immigration Judge (IJ) denied the application for asylum concluding that Snitko had failed to meet the statutory definition of a refugee under the INA. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed the appeal. Snitko appeals, contending that the BIA erred in denying his application for asylum which was based on past persecution for practicing as a Baptist.
 
 
 2
 Snitko states that certain family members family members were harassed and imprisoned before he was born for their role as leaders in the Baptist church. In addition to the problems suffered by his family prior to his birth, Snitko stated that his immediate family encountered other problems when he was young, such as having their house searched for religious materials which would be confiscated, having lights shone in their home by the Soviet militia to remind them of constant surveillance, and being fined for illegal religious practice. Snitko also stated that he refused to join the Communist youth groups, and as a result, was made to stay late at school and was rebuked in front of other class members for his religious beliefs. Because membership in one of the youth groups was a prerequisite to entering the university, Snitko claims that he suffered limited educational opportunities. He also asserts that his grades were lower than they otherwise would have been because of his religious beliefs.
 
 
 3
 Although Snitko gave several examples of adverse experiences he allegedly suffered while working, he generally did not indicate a connection between these experiences and the practice of his religion. For instance, he stated that at his first job he was given felt boots which provided less protection than the rubber boots given to others. He also asserts that, in the army, his work assignment as a prison guard indicated that he was not viewed as trustworthy. Snitko contends that he suffered continued harassment after he left the military and reentered the work force, including being deprived of promotions, being evicted from the work dormitory and being assigned to perform undesirable tasks. Snitko further claims that he was fired after he approached his employer with the necessary paperwork to leave the country and after taking days off of work to obtain travel documents. Snitko also asserts that on the same day that he received his external passport to leave the country in July 1991, his internal passport, which serves as the individual's identification in Belarus and affects one's ability to obtain housing and employment, was canceled.
 
 
 4
 The determination of whether an alien is entitled to asylum is generally a two-step analysis. First, an alien must qualify as a "refugee" under 8 U.S.C. § 1101(a)(42).[1] Krastev v. INS, 101 F.3d 1213, 1216 (7th Cir.1996). This court will uphold the factual determination of whether an applicant is a refugee if it is supported by "reasonable, substantial, and probative evidence" on the record. Id. (citations omitted). In order to reverse the BIA, this court must find "that the evidence presented by [the petitioner] was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Snitko appeals only the finding that he did not suffer past persecution as a result of his religious beliefs.
 
 
 5
 We have stated that forbidding an individual to practice his religion is religious persecution. Bucur v. INS, 109 F.3d 399, 405 (7th Cir.1997). However, because Snitko has abandoned his argument that he had a well-founded fear of future persecution, he must show "compelling reasons" for not being returned to Belarus. 8 C.F.R. § 208.13(b)(1)(ii); see also Bucur, 109 F.3d at 405. Snitko's adverse experiences fail to rise to the level necessary to support asylum in light of the fact that he has no fear of future persecution, and the BIA's decision denying asylum was supported by substantial evidence. See, e.g., Dobrican v. INS, 77 F.3d 164, 167-68 (7th Cir.1996); Anton v. INS, 50 F.3d 469, 471-72 (7th Cir.1995); Zalega v. INS, 916 F.2d 1257 (7th Cir.1990); see also Bucur, 109 F.3d at 405-06.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 If an applicant demonstrates that he is eligible for asylum (i.e., that he is a refugee), then the Attorney General has the discretion to grant or deny asylum. Mitev v. INS, 67 F.3d 1325, 1329 (7th Cir.1995). Contrary to Snitko's final argument in his brief, this case does not involve review of a discretionary decision to deny asylum because the BIA's decision was based on Snitko's failure to demonstrate that he was a refugee